**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **KEVIN WEEKS,** | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) CIVIL COMPLAINT AND |
| **DEBT RECOVERY SOLUTIONS, LLC,** | ) DEMAND FOR JURY TRIAL |
| Defendant | ) |

## COMPLAINT

Plaintiff, Kevin Weeks ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Debt Recovery Solutions, LLC ("Defendant"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA" or "the Act"), which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Such collection practices include, *inter alia,* Defendant's deceptive, misleading, unconscionable and unfair conduct in failing to communicate to credit reporting agencies that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8).

2. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found that the Act was necessary because existing consumer protection laws were inadequate as demonstrated by abundant evidence of abusive, deceptive and unfair debt collection practices by many debt collectors, which contributed to personal bankruptcies, marital instability, loss of jobs and invasions of individual

1

privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

3. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer."

4. To prohibit deceptive practices, Section 807 of the FDCPA outlaws the use of false, deceptive and/or misleading representations in connection with the collection of any debt and sets forth a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by Section 807 of the FDCPA are "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." The FDCPA further prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. §1692f.

5. Here, Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs and all other relief, legal or equitable in nature, as deemed appropriate by the Court, pursuant to the FDCPA.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

7. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

8. Plaintiff, Kevin Weeks, who at all relevant times has resided in the city of Battlefield, County of Greene, State of Missouri, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Defendant is a Limited Liability Company of the State of New York and at all relevant times has been doing business in the State of Missouri, with its corporate offices located at 6800 Jericho Turnpike, Suite 113E, Syosset, New York, 11791, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL STATEMENT

10. Upon information and belief, at all times relevant to this litigation, Defendant has engaged in a course of collection attempts on a consumer debt in the total amount of $761.28, allegedly owed by the Plaintiff, originating with Verizon ("hereinafter referred to as "the Debt").

11. Upon information and belief, in or around 2014, the alleged Debt was purchased by the Defendant. The alleged Debt that Defendant is seeking to collect from Plaintiff is a consumer "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

12. In or about September 2015, Defendant placed the alleged Debt with Phoenix Financial Services (hereinafter "PFS") to collect from the Plaintiff.

13. In October 2015, Plaintiff ran his credit report, and Plaintiff identified a trade line on his credit report from PFS for the alleged Debt. Plaintiff had not received any communication, oral or written, from PFS prior to the alleged Debt being reported as a trade line on his credit report

14. By letter dated October 5, 2015 to PFS, Plaintiff disputed the alleged Debt and requested validation of the alleged Debt, as well as removal of the trade line for the alleged Debt from his credit report (hereinafter referred to as the "Dispute Letter"). Annexed hereto as Exhibit A is a true and accurate copy of the Dispute Letter dated October 5, 2015 from Plaintiff to PFS.

15. At or around the same time, Plaintiff sent letters to each of the credit reporting agencies disputing in the trade line reported from PFS for the alleged Debt.

16. By letter dated October 15, 2015, PFS responded to the Plaintiff's Dispute Letter, advising Plaintiff that (a) the Defendant was the current owner of the alleged Debt, (b) that PFS had "requested that consumer reporting agencies report the account as disputed," and (c) enclosed were "billing statement provided by [their] client that confirms the charges" (hereinafter referred to as the "PFS Dispute Response Letter"). Annexed hereto as Exhibit B is a true and accurate copy of the PFS Dispute Response Letter.

17. Upon receipt of the PFS Dispute Response Letter, Plaintiff contacted the Defendant as the current owner of the alleged Debt to dispute it with them as well. On a recorded telephone conversation on October 26, 2015, the Plaintiff explicitly advised the Defendant that the alleged Debt was disputed and requested verification thereof. Defendant told the Plaintiff that the "account" would be updated to reflect it as "disputed" and that Defendant

would provide Plaintiff with documents from the original creditor, Verizon, verifying the alleged Debt.

18. Plaintiff never received any verification and/or validation documents from the Defendant.

19. In or around November 2015, Plaintiff received notification from the credit reporting agencies in reply to the dispute remitted thereto by the Plaintiff of the removal from his credit report of the trade line reported by PFS for the alleged Debt.

20. Upon information and belief, at some time subsequent to November 2015, PFS closed back and/or otherwise returned the account for the Plaintiff's alleged Debt to the Defendant.

21. On or about August 26, 2016, Plaintiff ran his credit report, and Plaintiff identified a trade line on his credit report from Defendant which had been updated as of June 28, 2016 (hereinafter referred to as "the Account"). Annexed hereto as Exhibit C is a redacted true and accurate copy of Plaintiff's credit report of August 26, 2016, relative to the trade line listed by the Defendant for the Account.

22. The alleged Debt due and owing to Defendant on the Account was listed with an original creditor of "Verizon" in the amount of $761.00, but did not reflect that is was a DISPUTED debt.

23. A review of the Plaintiff's credit report dated August 26, 2016, reflects that Defendant reported on the Account on June 28 2016, at which time Defendant had full knowledge that the alleged Debt had been disputed by Plaintiff on several occasions both with PFS and with Defendant directly, but Defendant nevertheless failed to report that the alleged Account had been disputed by Plaintiff. See Exhibit C

. 24. Defendant has engaged in misleading, deceptive, unconscionable and unfair debt collection practices in violation of the FDCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e-preface, (2)(A), (8), & (10) AND 15 U.S.C. § 1692f.

25. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 24 of the Complaint and incorporates them by reference with the same force and effect as if set forth at length specifically herein.

26. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e-preface, (2)(A), (8), & (10) and 15 U.S.C. § 1692f.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages, attorneys fees and costs in accordance with the FDCPA.

WHEREFORE, Plaintiff, Kevin Weeks, respectfully requests that this Court do the following for her benefit:

   A. Enter Judgment against Defendant for actual damages pursuant to 15 USC § 1692k(a)(1) of the federal Fair Debt Collection Practices Act;

   B. Enter Judgment against Defendant for statutory damages pursuant to 15 USC § 1692k(a)(2)(A) of the federal Fair Debt Collection Practices Act;

   C. Award costs and reasonable attorneys' fees pursuant to 15 USC § 1692k(a)(3) of the federal Fair Debt Collection Practices Act; and

   D. Award such other and further relief as may be just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 23rd Day of September, 2016

                                               Respectfully Submitted,
                                               **DVORAK LAW, CHARTERED**

                                               /s/ Richard Dvorak
                                               Richard Dvorak Esq. MO Bar # 43956
                                               7111 W. 98th Terrace, #140
                                               Overland Park, KS 66212
                                               Phone: 913-385-7990
                                               Fax: 913-385-7997
                                               richard@dvoraklaw.com